

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Moore
County Attorney
Caldwell County
Lockhart, Texas

Attention: Mr. A. R. Fielder

Dear Sir:

Opinion No. O-5422
Re: Can the funds collected as
a general improvement tax
be legally used by the
Commissioners' Court for
the purpose of buying right
of way for public roads?
And another question.

Your letter of June 18, 1943, requesting the opinion of this department on the questions stated therein reads in part as follows:

"This County levies a general improvement tax.

"I would like to have your opinion upon the following questions which have been asked by the Commissioners Court and the County Judge:

"First: Can the funds collected as a general improvement tax be legally used by the Commissioners' Court for the purpose of buying right of way for public roads?

"Second: Can the funds collected as a general improvement tax be legally used by the Commissioner's Court for the purpose of paying officer's salaries, either by transferring same directly to the officer's salary fund or by first transferring same to the general fund and then to the officer's salary fund?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

This department held in Opinion No. 0-413 that a Commissioners' Court does not have authority to purchase right of way out of the general funds of the county or levy a public improvement tax, and use the money for that purpose.

In the case of Carroll v. Williams, 202 S. W. 504, the Supreme Court of Texas expressly held that the jury fund and other constitutional funds therein designated composed of funds raised by taxation could not be legally transferred from one to another, and that Article 1630, Vernon's Annotated Civil Statutes, has application to special funds created by statutes and was not applicable to constitutional funds. The Court went further and held in the Carroll Case that Section 9, Article 8 of the State Constitution not only placed a limitation on the amount of taxes which might be levied by any county for the purposes therein enumerated, but also designated and placed a limitation on the amount to be expended, in that taxes raised for one purpose therein defined could not be expended for any other purpose.

We respectfully answer both of the above stated questions in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW/pw

APPROVED JUL 1, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN